UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMONA S.,[1]<br><br>　　　　Plaintiff<br><br>　　v.<br><br>KILOLO KIJAKAJI, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 5:21-cv-01138-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.　PROCEDURAL HISTORY

Plaintiff Ramona S. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying her application for Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 12 and 14] and briefs [Dkt. 23 ("Pl. Br.") and Dkt. 24 ("Def. Br.")] addressing disputed issues in the case. Plaintiff did not file a Reply. The matter is now ready for decision. For the reasons set forth below, the Court finds that this matter should be remanded.

---

[1]　In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed an application for SSI on February 4, 2019, alleging disability beginning March 15, 2015. [Dkt. 20, Administrative Record ("AR") 15, 192-97.] Plaintiff's application was denied at the initial level of review and on reconsideration. [AR 15, 121-25, 129-34.] A telephone hearing was held before Administrative Law Judge Alan J. Markiewicz ("the ALJ") on July 16, 2020. [AR 15, 51-75.]

On October 28, 2020, the ALJ issued an unfavorable decision applying the five-step sequential evaluation process for assessing disability. [AR 15-23]; *see* 20 C.F.R. § 416.920(b)-(g)(1). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 4, 2019.[2] [AR 18.] At step two, the ALJ determined that Plaintiff has the following severe impairments: disease of the cervical spine; lumbar spine strain; degenerative joint disease of the right shoulder; and obesity. [AR 18.] At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations. [AR 19]; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform medium work, as defined in 20 C.F.R. § 416.967(c), including the ability to lift and carry 50 pounds occasionally and 25 pounds frequently, stand and walk six hours in an eight-hour workday, and sit six hours in an eight-hour workday, but Plaintiff should avoid

---

[2] Plaintiff filed an earlier application for SSI that was denied by an ALJ in a decision dated October 18, 2018. [AR 15, 33, 91.] Given the prior ALJ decision, the ALJ in the present case applied the presumption of continuing non-disability. [AR 15-16]; *see* Acquiescence Ruling 97-4(9), 1997 WL 742758 at *3; *Chavez v. Bowen*, 844 F.2d 691, 692 (9th Cir. 1988). As Plaintiff presented new evidence to rebut the presumption of continuing non-disability, the ALJ considered the relevant period for Plaintiff's claim as beginning on February 4, 2019, the date of Plaintiff's current SSI application. [AR 16, 23.]

2

concentrated exposure to extreme heat and hazards and is limited to occasional climbing of ladders, ropes and scaffolds, frequent climbing of ramps and stairs, frequent balancing, stooping, kneeling, crouching and crawling, and occasional overhead reaching with the right upper extremity. [AR 19.] At step four, the ALJ determined that Plaintiff is capable of performing her past relevant work as a child monitor. [AR 22-23.] Based on these findings, the ALJ concluded that Plaintiff was not disabled from February 4, 2019, through the date of the decision. [AR 23.]

The Appeals Council denied review of the ALJ's decision on May 24, 2021. [AR 1-6.] This action followed.

Plaintiff raises the following issues challenging the ALJ's findings and determination of non-disability:

    1. The ALJ failed to properly address the severity of Plaintiff's diagnosed bilateral knee pain and diabetes. [Pl. Br. at 5-8.]

    2. The ALJ failed to fully and fairly develop the record. [Pl. Br. at

    3. The ALJ failed to provide a complete and proper assessment of Plaintiff's RFC. [Pl. Br. at 10-12.]

    4. The ALJ failed to properly consider the opinion of Plaintiff's treating doctor. [Pl. Br. at 12-15.]

The Commissioner asserts that the ALJ's decision should be affirmed. [Def. Br. at 1-17.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal quotation marks and citation omitted).

The Court will uphold the Commissioner's decision when "the evidence is susceptible to more than one rational interpretation." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV. DISCUSSION

Plaintiff contends that the ALJ improperly determined that her bilateral knee pain and diabetes were not severe impairments.

The evaluation at step two is a de minimis test intended to weed out the most minor of impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (stating that the step two inquiry is a "de minimis screening device to dispose of groundless claims"). An impairment is "not severe" if the evidence establishes merely a "slight abnormality that has no more than a minimal effect on an [individual's] ability to work." *Smolen*, 80 F.3d at 1290 (internal quotation marks and citations omitted).

Here, the ALJ erred in determining that Plaintiff's knee impairments were non-severe. Plaintiff's treatment records reflect that her doctor repeatedly reported tenderness to palpation/tender points in Plaintiff's bilateral knees and chronic bilateral knee pain. [AR 384-88, 392, 394, 397-98, 414, 417-19, 422.] While the ALJ cited several normal findings from Plaintiff's records, including "normal gait,"

4

"full range of motion of the extremities," and "negative" x-rays, the ALJ ignored other abnormal findings. [AR 18, 21-22]; *see Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (explaining "treatment records must be viewed in light of the overall diagnostic record" and should be "read as a whole"); Social Security Ruling 85-28, 1985 WL 56856, at *4 (step two "requires a careful evaluation" of the medical evidence). Significantly, the ALJ failed to even mention MRIs of Plaintiff's bilateral knees from June 2020, which showed a free edge tear of the medial meniscus posterior horn (right), intrasubstance degeneration of the anterior horn of the lateral meniscus (right), focal high-grade hyaline cartilage loss of the lateral tibiofemoral joint (right), chronic low-grade sprain of the proximal fibers of the medial collateral ligament (right), and small free edge fibrillation of the lateral meniscus (left). [AR 450-53.] While the ALJ need not "discuss every piece of evidence," *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003), the ALJ was not free to ignore relevant, competent evidence — such as Plaintiff's bilateral knee MRIs — that would lend support to a claim of disability. *See Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (holding the Commissioner "must explain why 'significant probative evidence has been rejected'") (citation omitted); *see also Gallant v. Heckler*, 753 F.2d 1450, 1455-56 (9th Cir. 1984) (the ALJ must not "reach a conclusion first, and then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result").[3]

Accordingly, for the reasons stated above, the Court finds that the ALJ's step two determination is not supported by substantial evidence.

---

[3] In addition, the ALJ erred in finding that Plaintiff "demonstrated no tenderness to palpation" during her May 2020 examination and her muscle strength was "5/5 strength throughout." [AR 21-22, 386 (finding tenderness to palpation in the medial patellar bilaterally and muscle strength in the bilateral lower extremities was "4/5" in May 2020).]

5

## V. REMAND FOR FURTHER PROCEEDINGS

The Court has discretion to remand or reverse and award benefits. *See Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017). "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved"). But "[w]here '(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand,'" it is appropriate to exercise this discretion to direct an immediate award of benefits. *Trevizo*, 871 F.3d at 682-83 (quoting *Garrison*, 759 F.3d at 1020).

Here, there are outstanding issues that must be resolved before a final determination can be made because the ALJ failed to properly evaluate Plaintiff's knee impairments. Thus, remand is appropriate.

Having found that remand is warranted, the Court declines to address Plaintiff's remaining issues. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.")

## VI. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter is

1    REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further
2    administrative proceedings consistent with this Memorandum Opinion and
3    Order; and
4    (2) Judgment be entered in favor of Plaintiff.

6    **IT IS ORDERED.**

8    DATED:  August 24, 2022

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE